**Anthony ORAZIO, Petitioner–Appellant, Cross–Appellee,**

v.

**Richard L. DUGGER, Robert A. Butterworth, Respondents–Appellees, Cross–Appellants.**

No. 88–3389.

United States Court of Appeals, Eleventh Circuit.

July 11, 1989.

James A. Young, Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees, cross-appellants.

Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from the denial of a petition for the writ of habeas corpus, following a hearing before a United States magistrate, whose report and recommendation recommended the grant of the petition.

## I. STATEMENT OF THE CASE

Orazio was convicted of several state offenses. Prior to the trial, the assistant state public defender, who had been appointed by the state trial judge to represent Orazio, filed a motion to be relieved from this representation. At the hearing on such motion, the appointed counsel stated: "I believe [Orazio] wanted to address the court." Thereupon, Orazio stated: "Yes, I did want to represent myself on two of the matters that I'm facing right now which is the extortion and the extradition to New York and the contraband charge, so three of them altogether."

The court then, after explaining to Orazio the dangers of a layman's attempting to represent himself, stated:

> You would be extremely foolish to attempt to defend yourself on these cases without benefit of counsel, and I don't consider that your background, education and so-called learning abilities are sufficient to meet the challenges of all these charges so I'm going to deny your motion to represent yourself.

Without any further protest by appellant or discussion on the matter, the trial proceeded with counsel appointed by the trial judge and it resulted in Orazio's convictions. Upon direct appeal, different counsel represented Orazio, and he made no inquiry as to what happened at the pre-trial and trial stages of the proceedings. He did

Anthony Martinez, Asst. Federal Public Defender, Tampa, Fla., for petitioner-appellant, cross-appellee.

not include as a ground of appeal Orazio's contention that he had a constitutional right to represent himself which had been denied by the trial court. The appeal was fruitless in the Florida district court of appeals. Thereupon, Orazio filed his petition for review pursuant to Florida Rule 3.850, challenging the denial of his right to represent himself at trial. He also filed a habeas corpus action in the district court of appeal for the state of Florida challenging the effectiveness of his appellate counsel for not raising on direct appeal the denial of his right to represent himself. Both of these post-conviction actions met with no success in the Florida courts. Thereupon, petitioner filed his petition for writ of habeas corpus in the federal district court for the Middle District of Florida.

After a hearing, the magistrate filed his report and recommendation, stating that: "Petitioner ... clearly and unequivocally invoked his constitutional right to represent himself." The magistrate then found that:

> Appellate counsel failed to raise an issue that would have ultimately, in federal court if not in state courts, within a reasonable probability, resulted in a reversal and new trial. Under the circumstances presented in this case, petitioner's appellate counsel was ineffective under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and *Mattie [Matire] v. Wainwright*, [811] F.2d [1430], Case No. 84–5705 (11th Cir. March 9, 1987).

The magistrate concluded by stating:

> Petitioner's counsel's performance on appeal was constitutionally ineffective under the standard established in *Strickland v. Washington, supra.* Petitioner

was prejudiced by counsel's failure to assert the *Faretta [v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ] claim on direct appeal. The right of self representation, if competently and voluntarily elected by a defendant, is absolute and not subject to harmless error analysis. *Chapman v. United States*, 553 [F.2d] 886 (5th Cir.1977). Accordingly, I recommend that the petition for habeas corpus be granted, that the petitioner's conviction be vacated and that he be afforded a new trial within a short time determined by this court.

The trial court, upon objections filed by the state, rejected the recommendation by the magistrate. Although not disagreeing with the magistrate's statement that petitioner had "clearly and unequivocally invoked his constitutional right to represent himself" or his statement that counsel had been ineffectual within the constitutional standard, the court nevertheless, upon its own consideration of the record, ordered the petition dismissed. The court based its action on two grounds:

(1) Orazio failed to establish that there was any prejudice resulting from the deficiency in appellate counsel's performance.[1]

(2) The court determined that the petitioner "waived his right to self-representation in this case." The trial court stated:

> The petitioner never again expressed the desire to represent himself nor demonstrated displeasure with his attorney. In fact, petitioner testified before the magistrate [at the habeas corpus hearing] that he discussed the self representation issue with his new attorney. Petitioner stated that "he [petitioner's new counsel] told me that the court had appointed him to represent me and it would

---

1. As stated by the Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

   A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant

by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S.Ct. at 2064.

be in my best interest that he continue to represent me. I let him represent me in court."

## II. STATEMENT OF FACTS

The essential facts are not seriously in dispute as to the conduct of appellate counsel whose failure is the basis of appellant's attack. There was ample evidence that after counsel was appointed by the state trial judge, he continued with the representation through the end of the trial. Thereupon, a second lawyer in the public defender's office was assigned to the appeal. There is no dispute about the fact that he made no effort to discover the facts relating to the constitutional claim by Orazio to represent himself. He testified that had he known of the fact that this contention had been made at trial, he probably would have raised the issue on appeal.

Likewise, there is no dispute of the facts as to whether Orazio "waived" his claim to represent himself. The facts relied on by the trial court are as stated above:

The petitioner never again expressed a desire to represent himself or demonstrated displeasure with his attorney. In fact, petitioner testified before the magistrate that he discussed the self representation issue with his new attorney. Petitioner stated that "he [petitioner's new counsel] told me that the court ·had appointed him to represent me and it would be in my best interest that he continue to represent me. I let him represent me in court."

## III. DISCUSSION

A. *Accused's Right to Self–Representation*

▮ Appellant's principal contention, that he was denied his constitutional right to serve as his own counsel, provides the basis for his claim that he received ineffective assistance of appellate counsel. As a preliminary matter, we must address appellee's assertion that petitioner is barred from presenting his self-representation claim on collateral review because he did not raise the claim on direct appeal from

his conviction, which constituted a state procedural default.

▮ A defendant who has failed to comply with a state's procedural rules is barred from obtaining federal habeas review of his defaulted constitutional claim, unless petitioner shows cause for the procedural default and prejudice attributable to the default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The cause and prejudice test applies to procedural defaults on appeal as well as to those at trial. *See Reed v. Ross,* 468 U.S. 1, 9, 104 S.Ct. 2901, 2906, 82 L.Ed.2d 1 (1984).

▮ Here, the procedural default was the result of appellate counsel's failure to raise the issue of Orazio's request to proceed pro se. A defendant bears the risk of attorney error that results in a procedural default, unless the defendant is represented by counsel whose performance is constitutionally ineffective, under the standard of *Strickland v. Washington, supra. Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). "Ineffective assistance of counsel ... is cause for a procedural default." *Id.* However, a claim of ineffective assistance of counsel must first be presented as an independent state claim and exhausted in the state courts, before the claim may be used on federal habeas review to show cause. *Id.* at 489, 106 S.Ct. at 2646.

Petitioner here has presented his ineffectiveness claim independently and exhausted it in the state courts. As discussed below, petitioner was denied effective assistance of counsel. Furthermore, given the nature of the constitutional right involved—the right to proceed in one's own defense—a denial of the opportunity to obtain review of that claim is necessarily prejudicial. *See Dorman v. Wainwright,* 798 F.2d 1358, 1370 (11th Cir.1986), *cert. denied,* 480 U.S. 951, 107 S.Ct. 1616, 94 L.Ed.2d 801 (1987). Petitioner is not, therefore, procedurally barred from collaterally attacking in the federal court the denial of his right to proceed pro se. We move on to the merits of this claim.

■ A defendant in a state criminal trial has a right under the sixth and fourteenth amendments to proceed without counsel. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In order for this right to attach, a defendant must voluntarily elect self-representation, by "knowingly and intelligently" waiving the reciprocal, constitutionally protected right to the assistance of counsel. *Id.* at 835, 95 S.Ct. at 2541; *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A defendant need not be technically competent in the law to act in his or her own defense but *must be competent to make the choice* to proceed pro se. A defendant should "be made aware of the dangers and disadvantages of self-representation" so that the defendant "knows what he is doing and [the] choice is made with eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)). If a deprivation of the right to represent oneself is found, the doctrine of harmless error does not apply because, unlike many other constitutional rights, this right is not "result-oriented." *Chapman v. United States*, 553 F.2d 886, 891 (5th Cir.1977).

■ Here, we conclude that Orazio clearly and unequivocally asserted his desire to represent himself.[2] The state trial court explained to Orazio the disadvantages of representing himself but, because the judge considered Orazio unequipped to "meet the challenges" of the charges against him, he denied Orazio's request. The trial court's consideration of Orazio's legal prowess contravened the Supreme Court's decision in *Faretta*. So long as Orazio voluntarily exercised his informed free will, 422 U.S. at 835, 95 S.Ct. at 2541, his technical legal knowledge bore no relevance on his right to represent himself. *Id.* at 836, 95 S.Ct. at 2541.

■ In the federal habeas proceeding, the district court found that, even assuming that Orazio sufficiently asserted his constitutional right to self-representation, he subsequently waived that right, because he never repeated his request, and he permitted counsel to represent him without demonstrating displeasure with the appointed attorney. We believe the district court erred.

■ Petitioner's request to represent himself was denied. By failing to repeat his desire to represent himself, petitioner did not vacillate on the issue. *See Chapman*, 553 F.2d at 893 n. 12. He did not abandon his initial request, either. *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982). Orazio is unlike the petitioner in *Brown*, who, before the court even denied his motion for self-representation, asked counsel to represent him. Orazio acquiesced in being represented by counsel because his request to defend himself had already been denied. To avoid a waiver of a previously-invoked right to self-representation, a defendant is not required continually to renew a request once it is conclusively denied or to "make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on appeal." *Dorman v. Wainwright*, 798 F.2d at 1367 (quoting *Brown*, 665 F.2d at 612). Moreover, in *Brown*, defense counsel represented to the court that he and defendant had resolved their differences. 665 F.2d at 611. Here, the court's finding of a subsequent waiver by defendant is unsupported by such conduct and statements of the defendant and counsel.

Orazio is also unlike the petitioner in *Raulerson v. Wainwright*, 732 F.2d 803 (11th Cir.), *cert. denied*, 469 U.S. 966, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984), who had been granted the right to act as co-counsel in his defense. The court took away that right and, after defendant finally renewed

---

2. As noted above, the magistrate found that Orazio "clearly and unequivocally invoked his constitutional right to represent himself." The district court neither adopted nor rejected this finding. However, the court stated: "[T]he court finds that petitioner abandoned his initial request to represent himself and waived his

right to represent himself." Since there could be no waiver of a right unless it existed, it seems proper to assume that the court approved the magistrate's finding that Orazio "clearly and unequivocally invoked his constitutional right to represent himself."

his request, he voluntarily walked out of the courtroom in the middle of a hearing on the matter, clearly waiving his right to appear pro se. *Id.* at 808–809. Orazio had no reason to repeat his initial request; it was denied, not granted and revoked. Nothing in the record indicates that petitioner ever abandoned by conduct or otherwise his initial request to represent himself. The district court's finding is, therefore, clearly erroneous.

### B. *Ineffective Assistance of Counsel*

■ Petitioner contends that the failure of newly-appointed counsel to raise the *Faretta* issue on direct appeal from the conviction constitutes a denial of the effective assistance of counsel. To succeed on his claim, petitioner must show that counsel's performance was deficient and that the deficiency was prejudicial. *Strickland v. Washington, supra.* The district court considered only the second requirement, whether any prejudice occurred. We begin with the first prong of the *Strickland* test.

Counsel failed to raise a *Faretta* claim on direct appeal. He did not review fully the trial court file or talk with petitioner or trial counsel. Therefore, he did not know about the state trial court's denial of Orazio's request to proceed pro se, although he knew about the public defender's motion to withdraw and the appointment of a second attorney. Even if there was a possibility that the Florida court would find against Orazio on the issue, such a constitutional claim should have been raised on direct appeal. An adverse ruling could then have been reviewed in collateral proceedings. Counsel even stated that he had argued such a claim in other cases and admitted that he probably would have raised it on direct appeal in this case had he discovered the issue existed. Counsel's neglecting to investigate the grounds for appeal, resulting in his failure to raise Orazio's *Faretta* claim, constitutes deficient representation according to the objective standard re-

quired by *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064.

Petitioner must satisfy both prongs of the *Strickland* test to succeed on his claim of ineffective assistance of counsel. As to the second prong, the district court held that there was no showing of prejudice, because if appellate counsel had raised the issue of Orazio's right to self-representation, the appellate court in Florida would have ruled against him because of its well-established rule that the right of a defendant to represent himself depended upon the trial court's determination as to whether or not he has the requisite skills to represent himself effectively. *Cappetta v. State,* 204 So.2d 913 (Fla. 4th DCA), *rev'd on other grounds,* 216 So.2d 749 (Fla.1968), *cert. denied,* 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969).[3] Since the district court determined that under the state law raising the *Faretta* issue on appeal would have been fruitless, the court held that there had been no showing of prejudice from the alleged ineffective assistance of counsel.

In reaching this conclusion, the federal district court assumed that the Florida appellate courts would follow their "firmly-established precedent," citing *Cappetta, supra,* and *Robinson v. State,* 368 So.2d 674 (Fla. 1st DCA 1979); *Keene v. State,* 420 So.2d 908 (Fla. 1st DCA 1982), *review denied,* 430 So.2d 452 (Fla.1983); and *Smith v. State,* 444 So.2d 542 (Fla. 1st DCA 1984). We note that *Cappetta* was decided by the Florida Suppreme Court, without specifically discussing the issue, prior to the decision of the United States Supreme Court in *Faretta.* The Florida court has not since addressed the issue. The only Florida decisions from which the district court here could find a "firmly-established" Florida precedent, then, were four cases of the district courts of appeal, one of which occurred before *Faretta* (*Cappetta*), and the other three of which were decided after *Faretta.* We refuse to assume, therefore, that after *Faretta,* the

---

**3.** Although the Florida Supreme Court did not discuss the standard to apply in such a situation, it seems to have accepted the standard set down by the district court of appeal. However, it

reversed the district court's decision on the ground that Cappetta had waived his right to self-representation. 216 So.2d at 750–51.

Florida Supreme Court would approve of the adherence to that rule, which, as recognized by the trial court, clearly conflicts with the United States Supreme Court's decision.

Furthermore, counsel's failure to raise the *Faretta* issue on direct appeal created a procedural default which prevented Orazio from obtaining collateral relief on that claim in the state courts.

## IV. CONCLUSION

Since we conclude that the court's findings of no prejudice and waiver are in error, the case must be remanded for the entry of the judgment recommended by the magistrate.

REVERSED and REMANDED.