Henry Lee PETERS, Petitioner–Appellee,

v.

Bryan S. GUNN; Attorney General of the State of California, Respondents–Appellants.

No. 94–55426.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 3, 1994.*

Decided Sept. 1, 1994.

David F. Glassman, Deputy Atty. Gen., Los Angeles, CA, for respondents-appellants.

No appearance for petitioner-appellee.

Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.

FARRIS, Circuit Judge:

Henry Lee Peters filed a petition for habeas relief from his conviction for conspiracy to commit murder, in violation of California Penal Code §§ 182(i) & 187. The district court granted his petition, concluding that he was unconstitutionally denied his right to self-representation. Bryan S. Gunn and other California state prison officials appeal. We have jurisdiction over the timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

On June 25, 1987, Henry Peters was charged with conspiracy to commit murder in violation of California Penal Code §§ 182(i) & 187. On June 9, 1988, more than a month before trial, he informed the court that he wanted to represent himself. He told the court that he arrived at his decision because he didn't know what was going on with his case. He hoped that going pro per would give him an opportunity to find out and "try to help [himself] out."

The trial court asked Peters a number of questions. Peters told the court that he knew he was charged with murder and was aware of defenses he might have in the action as well as the maximum punishment, if convicted. He told the court that he had not graduated from junior high school (thus, he had 6–9 years of formal education) and that he had appeared in court previously either as a witness, juror or defendant, and had represented himself in other criminal proceedings.

The trial court advised Peters that 1) he would receive no special consideration as a pro per defendant, 2) he would be expected to abide by the rules and procedures of the court, 3) he was entitled to a trial by court or jury, 4) a pro per defendant cannot later complain because he did a poor job as his own attorney, and 5) he would be "stuck with whatever errors [he] might have made trying to be [his] own attorney."

Peters told the court that he could read and write "pretty good." The court then attempted to test Peters's reading ability. Peters was asked to read a "section" aloud. He read: "influence of location and drug causing body injury to persons other than the driver location counsel two blood prove [sic]." The original text is unknown because the "section" was not made a part of the record. According to the California Court of Appeal, the result of this examination was a determination by the trial court that Peters could read.

At the conclusion of its inquiry, the trial court denied Peters's motion for self-representation.

Following a jury trial, Peters was found guilty of conspiracy to commit murder. He was sentenced to the state prison for 25 years to life. The California Court of Appeal, Second Appellate District, affirmed the judgment. The California Supreme Court subsequently denied Peters's petition for review. Peters then filed a habeas petition in state court. The California Supreme Court ultimately denied Peters's petition for review.

Finally, Peters filed a habeas petition in the District Court for the Central District of California. The district court entered judgment granting Peters's petition on February 25, 1994. Bryan Gunn, et al., filed notice of appeal on March 25, 1994. The district court granted a stay of judgment on May 19, 1994.

## II

■ Peters contends he was deprived of his Sixth Amendment right to represent himself. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975). In order to invoke the right to self-representation, the request must be (1) knowing and intelligent, (2) unequivocal, (3) timely, and (4) not for purposes of delay. *United States v. Schaff*, 948 F.2d 501, 503 (9th Cir.1991). A defendant's right to self-representation may be overridden if he demonstrates an inability or unwillingness "to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173, 104 S.Ct. 944, 948, 79 L.Ed.2d 122 (1984) (citing *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541).

■ We review the district court's grant of Peters's petition for habeas corpus de novo. *Thomas v. Brewer*, 923 F.2d 1361, 1364 (9th Cir.1991). However, to the extent it is necessary to review the trial court's findings of fact, the clearly erroneous standard applies. *Id.*

■ The trial court did not find, and appellants do not argue, that Peters's request was not knowing and intelligent, or equivocal, or untimely, or made for purposes of delay. The trial court denied Peters's motion for self-representation based on its finding that he did not have the capacity to represent himself. The court stated:

> It does not appear to me as if you have the *capacity to represent yourself, and I'm going to deny your motion* and suggest you talk to Mr. Yamamoto [Peters' attorney], perhaps, to try to get some more contact with him so he can give you a little bit more information about what's going on.
>
> But I can't allow you to represent yourself. *I think it would be guaranteed that you would not be able to do a competent job to represent yourself.*

Appellants argue that we should interpret the trial court's statement as a finding that he was "incapable" of abiding by the rules of procedure and courtroom protocol. *McKaskle*, 465 U.S. at 173, 104 S.Ct. at 948. They compare Peters's circumstances to those of

the defendant in *Savage v. Estelle*, 924 F.2d 1459, 1463 (9th Cir.1990) (as amended), *cert. denied*, 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1991).

In *Savage*, the defendant suffered from a physical disability which rendered him incapable of exercising his right to self-representation. No physical bars were identified that might have prevented Peters from abiding by the rules of procedure or courtroom protocol. The trial court's denial of Peters's motion was based on incompetence. According to appellants, Peters's intellectual barriers to mounting a capable self-defense are analogous to Savage's physical barriers.

In *Faretta*, the Supreme Court noted that the defendant was "literate, *competent*, and understanding, and that he was voluntarily exercising his informed free will." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541 (emphasis added). However, the court in no way suggested that defendants must be "competent" at lawyering in order to exercise their Sixth Amendment right to self-representation. In addition, from the context of the sentence in *Faretta* it appears that the Court used the term "competent" in the sense of "competence to stand trial." The "competent" language in *Faretta* is directed at the "knowing and voluntary" nature of the defendant's choice, not at the ability of the defendant to mount a successful defense.

*McKaskle* added the requirement that defendants must be "able and willing to abide by rules of procedure and courtroom protocol." *McKaskle*, 465 U.S. at 173, 104 S.Ct. at 948. However, *McKaskle* cannot be interpreted to require that defendants be able to do a competent job at representing themselves. In *Savage*, we noted that "[e]xercise of the *Faretta* right has never been contingent on an accused's representing himself well. In fact, all have long recognized that the defendant who chooses to represent himself is almost always ill-served by his choice." *Savage*, 924 F.2d at 1466 n. 4.

Lack of legal qualifications alone cannot be a basis for refusing a defendant's pro se request. *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir.1986), *cert. denied*, 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987); *Unit-*

ed States v. Bennett, 539 F.2d 45, 50–51 (10th Cir.), cert. denied, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976); see also Orazio v. Dugger, 876 F.2d 1508, 1512 (11th Cir.1989) (legal knowledge bears no relevance on right of self-representation); Pitts v. Redman, 776 F.Supp. 907, 916 n. 4 & 920 n. 12 (D.Del. 1991) (lack of legal acumen improper basis for denial of motion for self-representation). If courts were to deny defendants' motions on the basis of legal incompetence, a very small number of defendants would qualify.

Appellants would finesse this issue by arguing that the trial judge's ruling was not based on legal incompetence but intellectual incompetence. Peters's reading ability was so poor, they argue, that he was intellectually incapable of representing himself. Although Peters's reading skills were not optimal, the record does not show that Peters was illiterate. In any event, the trial court did not base its rejection of Peters's motion on a finding of illiteracy. We need not determine whether such a finding would have justified a rejection of a motion for self-representation.

■ The trial court found that "it would be guaranteed that [Peters] would not be able to do a competent job to represent [himself]." That is an improper basis for a denial of Peters's motion. Improper denials of the right to self-representation are not subject to harmless error analysis. Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991); McKaskle, 465 U.S. at 177–78 n. 8, 104 S.Ct. at 950–51 n. 8. Under such circumstances, we must vacate Peters's state court conviction and grant his petition for habeas corpus.

AFFIRMED.