101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vance J. MORIEL, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-56573.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 8, 1996.*
Decided Nov. 13, 1996.
 
 Before: BROWNING, THOMPSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vance J. Moriel appeals from the district court's denial of his habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 The district court found that Moriel brought his motion to proceed pro se as a delaying tactic. We review this finding for clear error. United States v. Smith, 780 F.2d 810, 812 (9th Cir.1986).
 
 
 4
 The basis for Moriel's desire to proceed pro se was his counsel's alleged lack of interest in and commitment to his defense. Moriel had ample opportunity to raise his motion earlier. He had expressed dissatisfaction with his counsel as early as August 1987, but did not raise his pro se motion until April 1988. He made several court appearances between August and April, during which he could have raised his pro se motion. Instead, Moriel delayed bringing the motion for eight months, while the case was trailing for trial.
 
 
 5
 Further, in response to the state trial court's question about whether he could be prepared for trial in twenty days, Moriel stated only "No, I need more time." He did not inform the state trial court that, as he now alleges, he needed only twenty-one days to prepare.
 
 
 6
 Our conclusion in Peters v. Gunn, 33 F.3d 1190 (9th Cir.1994), has no effect on this appeal. In Peters, we concluded a court may not deny a motion to proceed pro se based on a defendant's lack of legal expertise. We did not address whether the motion was timely.
 
 
 7
 The district court's finding that Moriel did not make the motion in good faith, but only for the purposes of delay is not clearly erroneous.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we affirm the district court's denial of Moriel's habeas petition on the ground stated, we need not consider the applicability, if any, of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), to this appeal