[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 28, 2005
THOMAS K. KAHN
CLERK

No. 04-14391
Non-Argument Calendar

_____

D. C. Docket No. 03-00413-CR-TWT-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFF NORTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2005)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jeff North appeals his conviction for possession with intent to distribute

cocaine. North argues that the district court violated his constitutional right to self-representation when it did not hold a hearing to determine whether North had made a knowing and intelligent decision to represent himself. Because North did not clearly and unequivocally assert his right to self-representation, we affirm.

## I. BACKGROUND

A grand jury indicted North with possession of a firearm as a felon, possession with intent to distribute cocaine, and using and carrying a firearm during and in relation to the commission of a drug trafficking crime. The district court appointed Jeff Ertel, an attorney from the Federal Public Defender program, to represent North. Ertel represented North when North pleaded not guilty to the three charges.

North had a stormy relationship with Ertel. North complained about Ertel's representation, even though Ertel had filed various pre-trial motions on North's behalf. When the magistrate judge responded to North's complaints by holding an attorney-conflict hearing, North reversed his position and stated that he was pleased with Ertel. North then complained again, directed Ertel to withdraw, and filed a complaint against Ertel with the Georgia Bar Association. Ertel filed a motion to withdraw and the magistrate judge granted it, even though the magistrate judge observed that North's complaints were largely unfounded. The magistrate

2

judge appointed attorney Michael Trost to represent North.

Trost negotiated and North entered a guilty plea on the charge of possession of a firearm as a felon. At the change of plea hearing, North affirmed both that he had had "sufficient time to think about and discuss this matter fully with [his] attorney before entering a plea of guilty" and that he was "satisfied" with Trost's representation. The district court accepted the guilty plea.

A few weeks before sentencing, North made a pro se motion to withdraw his guilty plea. At the motion hearing, Trost said that he had told North there could be negative consequences to withdrawing his plea. The district court advised North that he was "getting good advice from [his] lawyers," and the court perceived that North was rejecting Trost's advice because North did not like the consequences he was facing. North asserted that he had not taken his medication the day he pleaded guilty. The court allowed North to withdraw his guilty plea.

In his motion to withdraw the plea, North also requested new counsel. North specified, by name, an attorney from the office of public defender who North apparently thought would provide superior counsel. The court told North, "You don't have the right to have an appointed lawyer and then get to pick and choose and to fire your lawyer just because you're unhappy with him." The court refused to appoint North a third lawyer. North said he understood that he would be

3

represented at trial by Trost.

Days later, Trost filed a motion to withdraw from representing North. Trost cited North's persistent antagonism and North's repeated "contention that counsel will not properly represent defendant as he wishes and as he has directed counsel." The court denied Trost's motion to withdraw. The court said of North, "It appears that he will be unhappy with any attorney who gives him honest and competent advice." Trost continued to represent North.

North continued to complain about Trost. At a pre-trial conference, Trost told the court that North had filed a complaint against Trost with the Georgia Bar Association and North had directed Trost to take no further action on his behalf. The court then advised North of his right to self-representation, gave North an opportunity to be heard about whether he wanted representation, and found that North had not decided to represent himself at trial. The district court ordered Trost to continue representing North.

At start of trial, North had nothing more to say about his unhappiness with his attorney. The jury convicted North on the charge of possession with intent to distribute cocaine. At sentencing, North stated, "Mr. Trost did a great job. I mean, he did a spectacular job."

## II.  STANDARD OF REVIEW

"Whether a waiver of counsel is knowing and intelligent is a mixed question of law and fact which we review de novo."  United States v. Cash, 47 F.3d 1083, 1088 (11th Cir. 1995) (citing Greene v. United States, 880 F.2d 1299, 1303 (11th Cir. 1989)).

## III. DISCUSSION

North argues that the district court violated his right, under the Sixth Amendment, to represent himself.  See Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975).  North contends that the district court should have conducted a hearing to determine whether North's waiver of his right to counsel was knowing and intelligent.  The problem with North's argument is that he never expressed clearly a desire to represent himself.

Before a criminal defendant may waive his right to counsel and proceed pro se, he must "clearly and unequivocally assert his right of self-representation." Nelson v. Alabama, 292 F.3d 1291, 1295 (11th Cir. 2002); see also Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) (citing Faretta, 422 U.S. at 835, 95 S. Ct. at 2541; United States v. Fant, 890 F.2d 408, 409 (11th Cir. 1989); Orazio v. Dugger, 876 F.2d 1508, 1512 (11th Cir. 1989)).  This rule recognizes "the thin line that a district court must traverse in evaluating demands to proceed pro se, and the

5

knowledge that shrewd litigants can exploit this difficult constitutional area by making ambiguous self-representation claims to inject error into the record." Cross, 893 F.2d at 1290. The record supports the finding of the district court that North did not assert his right to self-representation.

North's colloquies with the district court, in the context of North's pretrial conduct, evidence that North disagreed with some strategic decisions and professional judgments of his attorney, but North still wanted legal representation. The closest North came to asserting his right to self-representation was when he made the following equivocal statement to the district court: "[I]f I have to represent myself, your Honor, instead of going into trial with somebody that I really don't trust, your Honor, I think I'd rather represent myself your Honor." This statement was not an assertion of North's right to self-representation, but was yet another expression of North's dissatisfaction with his appointed lawyer.

North was frustrated that Trost would not file a motion to suppress evidence, even though the motion was so baseless that the court stated there were no grounds to file it. North apparently thought Trost's responsibility as a lawyer required Trost to pursue whatever strategy North wanted. Although North's statements evidenced that he wanted a new lawyer, North's statements did not evidence a clear desire to conduct his own defense.

6

In contrast, the defendant in Orazio v. Dugger, the main case upon which North relies, clearly expressed his desire to conduct his own defense. 876 F.2d 1508 (11th Cir. 1989). In Orazio, the defendant said, "Yes, I did want to represent myself on two of the matters that I'm facing right now which is the extortion and the extradition to New York and the contraband charge, so three of them altogether." Id. at 1509. The defendant's statement in Orazio was a clear assertion of the right to self-representation. North's statements were not.

## IV. CONCLUSION

Because North did not express a clear and unequivocal desire to conduct his own defense, the district court did not err when it did not hold a hearing to determine whether North had made a knowing and intelligent waiver of his right to counsel.

**AFFIRMED.**