**Willie James BROWN,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Etc.,
Respondent-Appellee.**

No. 78–2532.

United States Court of Appeals,
Fifth Circuit.
Unit B

Nov. 13, 1980.

On Petition for Rehearing and Rehearing
En Banc April 8, 1980.

---

338

Willie James Brown, pro se.

Baya Harrison, III (Court-appointed), Tallahassee, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Glenn H. Mitchell, Stewart J. Bellus, Asst. Attys. Gen., West Palm Beach, Fla., for respondent-appellee.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

We must determine whether the appellant, a habeas corpus petitioner, waived his constitutional right to represent himself without the assistance of counsel in his state court trial. We find no waiver and reverse.

In 1974, Brown, the appellant, was convicted of second degree murder. After Brown exhausted the issue of self-representation in the state courts, he filed the present petition in 1977.

At an evidentiary hearing, the federal district court found that Brown, prior to trial, told his court-appointed public defender that he preferred to represent himself. Additionally, Brown wrote the state trial judge several letters stating his desire to represent himself without the assistance of counsel. In view of Brown's request for self-representation the public defender filed a Motion for Leave to Withdraw as Counsel. At the hearing in the federal district court, the public defender testified that he advised the state trial judge that he and Brown had bridged their differences, and that it might not be appropriate for the judge to act on the motion at that time. This conversation was out of the presence of Brown and in an informal setting. Although no written order denying the Motion to Withdraw was entered, the federal district court concluded that the state trial judge either denied the motion or considered it abandoned. Brown appeared with, and was represented by, the public defender in conjunction with all pre-trial proceedings and at the state trial. At trial, Brown testified. At no time until immediately before closing argument to the jury did Brown reassert his request for self-representation. The state trial judge denied this request.

In denying Brown's habeas petition, the federal district court concluded that:

[U]nder the facts of this case the Petitioner waived his right to self-representation by agreeing to allow [the public defender] to continue representing him and by never reasserting his desire for self-representation until late in the trial. At that time it was within the discretion of the trial judge to allow [the public defender] to conclude the case.

Brown now appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1974 state conviction for second degree murder.

As noted in *Scott v. Wainwright*, 617 F.2d 99, 102 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), "the law in this circuit even before *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was that a criminal defendant has a constitutional right to defend himself and that the right is only conditioned upon a knowing and intelligent waiver of the corresponding constitutional right to be represented by counsel." Prior to trial, in clear terms, Brown attempted to assert this constitutional right to self-representation. The only evidence in the record tending to show that Brown had in fact changed his mind about wanting to represent himself is the statement by Brown's public defender. Under these circumstances, on a record silent as to waiver, we cannot find that Brown waived his right to self-representation. Brown's right to self-representation "is only conditioned upon a knowing and intelligent waiver of the cor-

responding constitutional right to be represented by counsel." *Scott*, at 102. Before trial, both in writing and orally, Brown attempted to waive his right to be represented by counsel.

It is understandable that the state trial judge, in his zeal to see that Brown was represented by competent counsel, denied Brown his right to self-representation. Brown's state trial occurred prior to *Faretta*. *Scott* is a 1980 case. Thus, it is easy to understand that the state trial judge's primary concern in 1974 was Brown's right to counsel.

As in *Scott*, it is not necessary for us to reach the question of retroactivity of *Faretta*, since this circuit granted the right to self-representation long before *Faretta*.

Accordingly, Brown is entitled to habeas relief. On remand, the federal district court should allow the State of Florida a reasonable time within which to re-try Brown before making the issuance of the writ final.

REVERSED AND REMANDED.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion November 13, 1980, 5 Cir.,
644 F.2d 337)

Before GODBOLD, Chief Judge, BROWN, COLEMAN, AINSWORTH, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A. CLARK and WILLIAMS, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc on briefs without oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.