**Willie James BROWN,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Etc.,
Respondent-Appellee.**

No. 78–2532.

United States Court of Appeals,
Fifth Circuit.*

Jan. 11, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Baya Harrison, III (CT.–APPTD.) Tallahassee, Fla., for petitioner-appellant.

Glenn H. Mitchell, Stewart J. Bellus, Asst. Attys. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, BROWN, AINSWORTH **, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A. CLARK, WILLIAMS and GARWOOD, Circuit Judges.

RONEY, Circuit Judge:

Defendant Willie James Brown, convicted in state court for murder, seeks federal habeas corpus relief on the ground he was denied the right to represent himself at trial. The district court denied relief, finding that although the defendant had notified the court prior to trial he preferred to represent himself, he later waived his right by permitting appointed counsel to conduct the defense and by not reasserting a desire to represent himself until late in the trial. A panel of this Court reversed. 644 F.2d 337 (5th Cir. 1980). The panel decision was vacated upon the grant of a rehearing *en banc*. We now affirm the denial of habeas corpus relief.

The Court took this case *en banc* to examine the conditions under which a defendant may be considered to have waived the right of self-representation. We particularly consider whether a state trial court has an obligation to inquire of defendant personally if he still maintains his request to represent himself, even though the court is informed by defense counsel that he and defendant have worked out their differences.

*The Facts*

The factual background is important to the resolution of this case. It was developed largely at a hearing before the district court, at which testimony was heard from defendant, his counsel during the state proceedings, and the judge who presided over the state trial.

On July 8, 1974, defendant was arraigned in a Florida court for second degree murder. Defendant pled not guilty and an Assistant Public Defender was appointed by the court to represent him.

Defendant was apparently not satisfied with his counsel, and informed counsel that he preferred to represent himself. Accordingly, on July 17, counsel filed a Motion for Leave to Withdraw, in which he stated that defendant did not want his services, and "knowingly and intelligently" waived his right to counsel. At about this same time, defendant wrote one or more letters to the judge indicating his desire to proceed pro se.

A hearing on the motion was held on July 26, at which defendant was present. Although no transcript was made of this hearing, the judge recalled he was reluctant to grant the motion because of doubts over defendant's ability to conduct his own defense. He deferred a ruling on the motion and asked counsel to see whether the differences between him and his client could be worked out.

Either at the hearing or at some later point, counsel informed the court that he and defendant had resolved their difficulties. He also stated that defendant informed him he had changed his mind and wanted counsel to continue his representation. The court therefore either denied the motion to withdraw or considered it abandoned. While no denial was entered on the record, defendant testified a formal ruling was made during a hearing on September 16, one day prior to trial.

Between the time of the initial hearing on the motion in July and the beginning of trial in September, defendant did not indi-

---

** Judge Ainsworth concurred in the above opinion before his death on December 22, 1981.

cate to the court or to counsel either formally or informally that he still desired to represent himself. He concedes he told counsel to "stay on" as his lawyer, although he argues he made this statement only after his request to represent himself was denied. In any event, defendant worked closely with counsel and an investigator in the preparation of a defense.

Defendant did not renew his request to represent himself until the third day of trial, after all evidence was in and just before closing arguments. This request was denied.

Defendant was found guilty by the jury and sentenced to twenty years. The conviction was affirmed on appeal, and other available state remedies were properly exhausted. Defendant has since been released on parole.

1. *The Right of Self-Representation and Its Waiver*

The seminal decision on the right of self-representation is *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), decided after the trial in this case. In *Faretta*, the Supreme Court held a defendant in a federal or state criminal trial has a right under the Sixth and Fourteenth Amendments to proceed without counsel when he elects to do so. This Court has held that a right of self-representation was recognized in this Circuit prior to *Faretta*, and therefore the issue of *Faretta's* retroactive application need not be considered. *See Scott v. Wainwright*, 617 F.2d 99 (5th Cir. 1980), *cert. denied*, 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980); *Chapman v. United States*, 553 F.2d 886 (5th Cir. 1977).

The right of self-representation entails a waiver of the right to counsel, since a defendant obviously cannot enjoy both rights at trial. Because of the important and well-recognized benefits associated with the right to counsel, *see, e. g., Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 52 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it is preeminent in the sense the right attaches unless affirmatively waived. The mere failure to request counsel will not be deemed a waiver. *See, e. g., Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1976); *Carnley v. Cochran*, 369 U.S. 506, 513, 82 S.Ct. 884, 888, 8 L.Ed.2d 70 (1962).

While the right to counsel is in force until *waived*, the right of self-representation does not attach until *asserted*. In order for a defendant to represent himself, he must "knowingly and intelligently" forego counsel, and the request must be "clear and unequivocal." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. *See also United States v. Brown*, 591 F.2d 307, 310 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Jones*, 580 F.2d 785, 787–88 (5th Cir. 1978); *Chapman v. United States, supra*, 553 F.2d at 892. Before the trial court accepts the request, the defendant must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942)). In the absence of a clear and knowing election, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense. *Cf. Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1976) (courts must indulge every reasonable presumption against waiver of counsel); *United States v. Mahar*, 550 F.2d 1005, 1009 (5th Cir. 1977) (right to proceed without fully independent counsel must be affirmatively requested and is more easily waived than right to independent counsel).

The important distinction in the manner in which the two rights come into play requires that a different waiver analysis be applied to the right of self-representation than to the right to counsel. Unlike the right to counsel, the right of self-representation can be waived by defendant's

mere failure to assert it. If on arraignment an indigent defendant stands mute, neither requesting counsel nor asserting the right of self-representation, an attorney must be appointed. Even if defendant requests to represent himself, however, the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether. *Chapman v. United States, supra,* 553 F.2d 893 & n.12. *See also United States v. Bennett,* 539 F.2d 45 (10th Cir.), *cert. denied,* 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976); *United States v. Montgomery,* 529 F.2d 1404 (10th Cir.), *cert. denied,* 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976). In *Bennett,* the Tenth Circuit held defendant waived his right to proceed pro se by asserting vacillating positions on his request continuing until shortly before trial. 539 F.2d at 51. In *Montgomery,* the same court held defendant waived his right when after requesting permission to represent himself, he allowed appointed counsel to plea bargain on his behalf and accepted the terms of the bargain. 529 F.2d at 1406.

■ The right of self-representation, then, is waived if not asserted, while the right to counsel is not. Since the right of self-representation is waived more easily than the right to counsel at the outset, *before* assertion, it is reasonable to conclude it is more easily waived at a later point, *after* assertion. Therefore, the cases cited by defendant which establish stringent requirements for waiver of counsel, *see, e. g., Ford v. Wainwright,* 526 F.2d 919 (5th Cir. 1976), do not apply in full force to the right of self-representation. A waiver may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself.

■ The present case presents an example of waiver through subsequent conduct after an initial request. Defendant concedes that at some point after the hearing on the motion to withdraw he asked counsel to continue his representation. While he argues he made this decision only *after* the motion was denied, this is inconsistent with his assertion the denial was not made until the day before trial. The record indicates defendant in all likelihood agreed to retain counsel well before this time.

A finding of waiver is also supported by counsel's statement to the court that he and defendant had worked out their differences. Although defendant now denies any resolution of problems, counsel's statement is consistent with the fact that after the initial hearing defendant never informed the court of a continuing desire to conduct his own defense. An opportunity to renew his request was available as late as the hearing the day before trial, or perhaps even on the first day of trial. While defendant did request to assume his own defense prior to closing arguments on the third day of trial, the court properly denied it then as untimely. *See, e. g., United States v. Lawrence,* 605 F.2d 1321 (4th Cir. 1979), *cert. denied,* 444 U.S. 1084, 100 S.Ct. 1041, 62 L.Ed.2d 770 (1980); *United States v. Dunlap,* 577 F.2d 867 (4th Cir.), *cert. denied,* 439 U.S. 858, 99 S.Ct. 174, 58 L.Ed.2d 166 (1978). *Cf. United States v. Cyphers,* 556 F.2d 630, 634 (2d Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2937, 53 L.Ed.2d 1070 (1977) (court properly denied defendant right to represent himself for summation).

On the basis of the record in this case, we hold the district court did not err in finding defendant waived his previously-asserted request to conduct his own defense.

## 2. Requirement of Personal Dialogue with Defendant

■ Defendant argues the state court had an obligation to examine him personally on whether he still desired to conduct his own defense, and could not rely on the assertions by counsel. In other words, defendant would require the same kind of personal confrontation as would be required for a waiver of counsel. The issue presented, then, is whether a state trial court must conduct a hearing with defendant concerning a request to represent himself, even though counsel has informed the court that he and defendant had worked out their differences and defendant has not reasserted his request at any time prior to trial.

We do not find a personal dialogue necessary. The usual procedure is that defendants appear through their attorneys. Once this appearance is made, the law does not require the court to inform defendant personally of his right to represent himself.

The general rule is that a court may accept counsel's representations and the defendant is bound thereby, except upon a showing of counsel's bad faith or gross negligence. *See, e.g., United States v. Spiegel*, 604 F.2d 961 (5th Cir. 1979); *Winters v. Cook*, 489 F.2d 174 (5th Cir. 1973) (*en banc*); *United States v. Marcello*, 423 F.2d 993 (5th Cir.), *cert. denied*, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970). In the present case, since there was no allegation by defendant that he did not trust his counsel or that counsel was incompetent, the judge had no reason to conclude counsel was misrepresenting defendant's views. More importantly, at no time subsequent to counsel's assertions was the judge informed by defendant that he still desired to represent himself, either by correspondence as defendant had prior to the hearing on the motion to withdraw, or during any later hearings.

While in some cases a personal dialogue between the court and defendant may be advisable, *see United States v. Chapman, supra,* 553 F.2d at 892, we decline to hold such a hearing is required where all circumstances indicate defendant has abandoned his request to conduct his own defense. Unlike with respect to a waiver of counsel, a trial judge need not engage in a dialogue with defendant to determine whether there is a waiver of self-representation, in the absence of special circumstances.

Our decision here should not be read to imply that a trial court may unduly defer a ruling on a firm request by defendant to represent himself in the hopes the defendant may change his mind. A defendant is entitled to conduct his own defense even if the court doubts his legal expertise or ability, so long as the request is intelligently and clearly made. *See Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. Neither should it be read to indicate that a defendant, to avoid

waiver, must continually renew his request to represent himself even after it is conclusively denied by the trial court. After a clear denial of the request, a defendant need not make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on appeal. Neither of these circumstances, however, is present here.

We reaffirm in this case the traditional judicial belief that in the absence of a clear and unequivocal waiver by defendant, a court should not deprive defendant of his right to counsel. The district court did not err in denying habeas corpus relief.

AFFIRMED.

JAMES C. HILL, Circuit Judge, with whom ALVIN B. RUBIN, KRAVITCH, RANDALL, TATE, THOMAS A. CLARK and JERRE S. WILLIAMS, Circuit Judges, join dissenting.

Though I agree with a portion of the law stated for our court by Judge Roney, I disagree with the majority's ultimate conclusions and dissent from its application of the law. I feel that we have missed an opportunity, in this most confusing area, to provide guidance to those who might look to us for it.

The sixth amendment right to have the assistance of counsel is basic. However, a defendant also has the fundamental constitutional right to dispense with counsel—whether that is a wise or reckless course of action—and represent himself in a federal or state criminal trial. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Chapman v. United States*, 553 F.2d 886 (5th Cir. 1977). These two constitutional rights are mutually exclusive in their application; they cannot be exercised concurrently. Consequently, there must be some starting point when one right is considered to be in force, without any express exercise by a defendant, and the other right is excluded. The proper starting point is that a defendant is entitled to counsel; thus the majority holds, and I fully agree, that "... the right to counsel is in force until

*waived*, the right of self-representation does not attach until *asserted*." 

Here, however, the right of self-representation clearly attached. The defendant informed the court, through counsel, that he asserted this *Faretta* right. He wrote letters to the trial judge demanding the right to conduct his own defense. His counsel filed defendant's written motion to that effect.

*No word from the defendant's mouth or pen ever retracted this demand upon the court.* Having commenced with the right to counsel, Willie James Brown had acquired, beyond dispute, the constitutional right to self-representation. The question, then, is whether he may be deemed to have subsequently waived that right.

Self-representation, as a constitutional right, is valuable *per se* and should not be held lightly waived once it attaches. "[A] waiver of constitutional rights in any context must, at the very *least*, be clear." *Fuentes v. Shevin*, 407 U.S. 67, 95, 92 S.Ct. 1983, 2001, 32 L.Ed.2d 556 (1972) (emphasis in original). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Accordingly, courts indulge every reasonable presumption against the waiver of fundamental constitutional rights and do not presume acquiescence in the loss of such rights. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). It follows, as a matter of course, that a thing so valuable as a constitutional right may not be waived by proxy. After the right to self-representation clearly attaches, as the majority seems to agree that it did, the defendant ought not be found to have waived it until and unless there is a dialogue between the judge and the defendant showing a knowing and intelligent voluntary waiver. Only through such a dialogue is a court able to determine if the defendant has willingly chosen the assistance of counsel, contrary to his prior expressed intentions, or if the unwanted counsel has been imposed upon him despite his wishes.

In a sincere effort to care for the best interests of the appellant, the trial judge avoided putting the question of waiver directly to him. At what point, then, did the right to self-representation come to an end? When did the contradictory right to counsel reattach? How is the trial judge to know with which right the defendant is cloaked at any given stage of the proceedings? The trial judge must not act in derogation of the constitutional right in effect. Which is to be protected? How many times must a defendant seek to exercise his constitutional right, and how strenuous must his objections to the assistance of counsel be?

Our majority teaches that (1) the defendant has the right to counsel at the outset, (2) his assertion of the right to self-representation and waiver of counsel is effective when clearly expressed, but (3) the right to counsel may nonetheless resurface and supersede the attached right to self-representation without any express indication on the part of the defendant "if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." As a result, after both rights have come into play, trial judges may weigh the circumstances to determine which right is being exercised. But again, how heavily do various inconsistent acts by a defendant weigh?

The majority, giving preeminence to the right to counsel, concludes that "since the right of self-representation is waived more easily than the right to counsel at the outset, *before* assertion, it is reasonable to conclude it is more easily waived at a later point, *after* assertion." I do not believe this reasoning is correct. Self-representation is not a right to be "waived more easily" at the outset; it doesn't then exist at all. As the majority says—and I agree—". . . the right of self-representation does not attach until *asserted*." Having attached, though, it exists until and unless waived. A court must proceed with care in this area and with as much certainty as possible or it will invite the danger described by the Court in *Faretta*:

To thrust counsel upon the accused, against his considered wish, . . . violates the logic of the [Sixth] Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists. . . . An unwanted counsel "represents" the defendant only through a tenuous and unacceptable legal fiction. Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the constitution, for, in a very real sense, it is not *his* defense.

422 U.S. at 820–21, 95 S.Ct. at 2533–34 (emphasis in original).

In sum, I suggest that when a criminal defendant has informed the court of a desire to conduct his own defense, the court should not be allowed to accept the representations of counsel or make its own detached determination that the defendant has subsequently waived his asserted right to self-representation, but instead should be required to confront the defendant personally, in a simple hearing, to establish the existence of a knowing, intelligent waiver. To hold otherwise, I believe, severely and unnecessarily risks the loss of what has been established as a fundamental constitutional right through the unbridled, though well-intentioned, judgment of a trial court. For the reasons stated, I would reverse.

HATCHETT, Circuit Judge, with whom ALVIN B. RUBIN, KRAVITCH, RANDALL, TATE and THOMAS A. CLARK, Circuit Judges, join dissenting.

I respectfully dissent. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), states the elementary principles that govern the resolution of this case. It teaches:

The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. . . . Although not stated in the Amendment in so many words, the right

to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment. The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.

The counsel provision supplements this design. It speaks of the "assistance" of counsel, and an assistant, however expert, is still an assistant.

422 U.S. at 819–20, 95 S.Ct. at 2533 (footnote omitted).

Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, *so that the record will establish* that 'he knows what he is doing and his choice is made with eyes open.'

422 U.S. at 835, 95 S.Ct. at 2541 (emphasis added).

The only issue in this en banc case is factual: Whether the record establishes that this appellant, a habeas corpus petitioner, waived his right to self-representation in his state court trial. The panel found that the record did not show that he had waived this valuable right. *Brown v. Wainwright*, 644 F.2d 337 (5th Cir. 1980).

At an evidentiary hearing,[1] the federal district court found that Brown, prior to trial, told his court appointed public defender that he preferred to represent himself. Additionally, Brown wrote the state trial judge at least three letters stating his desire to represent himself. There is nothing in the record to show that these letters were treated as motions for relief or answered. In view of Brown's persistent request for self-representation, the public defender filed a Motion for Leave to Withdraw as Counsel stating that the motion was made because of Brown's desire to represent himself. At the habeas corpus hearing in the federal district court, the public defender testified that after filing the mo-

1. Brown's request for counsel at the evidentiary hearing was denied.

tion he advised the state trial judge that he and Brown had bridged their differences, and that it might not be appropriate for the judge to act on the motion at that time. This conversation was out of the presence of Brown, in an informal setting, and no record was made of the conversation. Although no written order denying the Motion to Withdraw was entered, the federal district court concluded that the trial judge either denied the motion or considered it abandoned.

After hearing nothing from the trial judge regarding the letters or the motion, Brown appeared with and was represented by the public defender for most of the trial. Immediately before closing argument, Brown jumped to his feet and insisted upon his right to self-representation. The request was denied. In denying Brown's habeas corpus petition, the federal district court concluded:

> [u]nder the facts of this case the petitioner waived his right to self-representation by agreeing to allow [the public defender] to continue representing him and by never reasserting his desire for self-representation until late in the trial. At that time, it was within the discretion of the trial judge to allow [the public defender] to conclude the case.

As noted by the majority, *Scott v. Wainwright*, 617 F.2d 99 (5th Cir. 1980), teaches that "the law in this circuit even before *Faretta v. California*, 422 U.S. 806; 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was that a criminal defendant has a constitutional right to defend himself and that the right is only conditioned upon a *knowing and intelligent waiver* of the corresponding constitutional right to be represented by counsel." Prior to trial, in clear terms, Brown attempted to assert this constitutional right to self-representation. The only evidence

in the record tending to show that Brown in fact changed his mind about wanting to represent himself is the statement by Brown's public defender made in the federal habeas corpus evidentiary hearing. Where is the "knowing and intelligent" waiver required by *Faretta*? Where in the record is Brown "made aware of the dangers and disadvantages of self-representation"? Under these circumstances, on a record silent as to waiver, as the panel found, it is improper to find that Brown waived his right to self-representation. Before trial, both in writing and orally, Brown attempted to waive his right to be represented by counsel. He never received a hearing on his request. I agree with Judge Hill that a hearing, on the record, is necessary before waiver can be found. If this case is en banc worthy, it is so because it sends a signal to trial judges that proceedings in criminal cases should be "on the record." A simple hearing would have resolved this issue.

It is understandable that the state trial judge, in his zeal to see that Brown was represented by competent counsel, denied Brown his right to self-representation.[2] Brown's state trial occurred prior to *Faretta*. *Scott* is a 1980 case. Thus, it is easy to understand that the trial judge's primary concern in 1974 was Brown's right to counsel.

The majority's assertion that the right of self-representation is waived more easily than the right to counsel, and that such right is even more easily waived after assertion is new law, unsupported by precedent or commentary. The important lesson is that whatever constitutional right is waived, it must be waived on the record after a full explanation of the advantages and disadvantages of following the desired course of action.

---

2. The trial judge's motivation for denying Brown's request for self-representation is clearly shown by the record:

    A. (Trial Judge): I didn't rule on it right then [the Motion to Withdraw] for the reason that I felt the man needed an attorney.
    I thought that he—I didn't believe that he had the intelligence, whatever it took, to

defend himself in a second degree murder case.

    Q. (State's Attorney): In other words, you did not feel that the petitioner had the expertise and knowledge to conduct his own defense in this case?
    A. (Trial Judge): That is correct. I think he thought he was smarter than he actually was.

**616**

GARWOOD, Circuit Judge, concurring.

I concur in all of Judge Roney's opinion. I wish, however, to emphasize that following an evidentiary hearing the federal district court has found on the basis of adequate evidence that Petitioner, after the requests and motion to represent himself were made and before any ruling thereon by the state trial judge, resolved his differences with his appointed lawyer and "requested him to continue the representation," which resolution and request the lawyer then communicated to the state trial judge, who "therefore, either denied the motion or considered it to be abandoned." Though Petitioner's subsequent acquiescence in continued representation by counsel is corroborative of the evidence that he in fact requested counsel to continue to act on his behalf, I would be reluctant to hold that such acquiescence of itself waived his earlier clearly asserted right of self-representation. However, since Petitioner did *in fact* request continued representation by his appointed counsel, the *substance* of his rights has *in fact* been protected. While it would surely be efficient and otherwise desirable to have the facts in this regard more formally memorialized in the state court proceedings, not everything which is desirable or efficient is therefore constitutionally required; and where the relevant facts are adequately otherwise proved I cannot hold that the mere lack of memorialization gives Petitioner a constitutional right to another trial when it has been sufficiently established that he *in fact* was afforded all the representational rights to which he was entitled under the Constitution.