IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40223
Summary Calendar
_____

RODERICK BERNARD RAYFORD,

                                        Petitioner-Appellant,

v.

GARY L. JOHNSON, DIRECTOR, TEXAS DEPT.
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-99-CV-80)
--------------------
April 13, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Petitioner-Appellant Roderick Bernard Rayford, Texas inmate #578381, who is seeking habeas corpus relief under 28 U.S.C. § 2254, is before us on a certificate of appealability (COA) that we granted.  We granted COA to determine whether Rayford clearly and unequivocally asserted his constitutional right to represent himself and, if so, whether his subsequent conduct constituted a waiver of that right through acquiescence.  For the sake of argument, we assume without deciding that Rayford did clearly and

_____

     [*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

unequivocally assert the right to represent himself and that he was denied that right by the actions of the state trial court in which he was convicted of aggravated assault on a correctional officer and retaliation. Even when we so assume, however, we conclude that Rayford's actions (more accurately, his inaction) following his purported assertion and the trial court's purported denial thereof constituted waiver through acquiescence, and we deny habeas relief.

## I. Proceedings

After a Texas state court jury convicted Rayford of aggravated assault on a correctional officer and retaliation, he was assessed concurrent 40-year prison sentences, to be served consecutively to the sentence he was serving when the assault and retaliation occurred. In his direct appeal he asserted as error the trial court's denial of his right to represent himself. His conviction and sentence were affirmed on direct appeal, and he thereafter exhausted his state habeas remedies, all to no avail. Rayford then filed a petition for federal habeas relief in the district court pursuant to § 2254, which that court deemed timely filed by virtue of equitable tolling. The court ultimately dismissed Rayford's petition on the merits. We granted COA as indicated above.

## II. Facts

One day before Rayford's state jury trial commenced, his counsel sought leave of court to withdraw. A hearing was held at which Rayford stated that "[i]f the Judge wouldn't appoint me another counsel, then I would represent myself." The trial court expressed reservations about allowing Rayford to represent himself and voiced uncertainty that it could appoint counsel with whom

2

Rayford would be satisfied. The trial court asked Rayford what he would think about allowing present counsel to continue on the case to answer questions and advise Rayford, to which Rayford replied, "I could go along with that." The court concluded the hearing by announcing that it would rule on counsel's withdrawal motion momentarily.

Following a recess, the court denied counsel's motion to withdraw. The court did not, however, rule expressly on Rayford's request to represent himself in the event that the court did not appoint a different attorney; neither did the court explain either its denial of counsel's motion to withdraw or whether counsel was to continue representing Rayford or was merely to serve in a stand-by capacity. For his part, Rayford neither objected to the court's action nor repeated his request to represent himself.

### III. Analysis

The operable facts raise serious doubts as to (1) whether Rayford's statement that "[i]f the Judge wouldn't appoint me another counsel, then I would represent myself" constitutes a clear and unequivocal assertion of the right to self-representation, and (2) whether the action of the court in denying Rayford's counsel's motion to withdraw and causing counsel to continue, without making clear whether counsel would be representing Rayford or merely serving in a stand-by capacity, constituted rejection of Rayford's request. We nevertheless assume arguendo that Rayford's remarks did indeed constitute a clear and unequivocal assertion of his right to self-representation and that the state trial court did indeed deny his request. With these assumptions in place,

3

Rayford's right to habeas relief hinges on whether, in light of (1) the state court's denial of counsel's motion to withdraw and failure to explain its denial of that motion, (2) the court's failure to rule expressly on Rayford's request to represent himself, and (3) the court's failure to explain whether counsel was continuing in the trial as Rayford's legal representative or as stand-by counsel only, subsequent occurrences evidence Rayford's acquiescence in the court's actions and inaction and thereby constitute waiver or forfeiture of the right of self-representation.

As we noted, when the trial court completed its ruling, Rayford neither objected nor repeated his request. Instead, jury selection began immediately and the trial court announced to the jury, again without objection by or comment from Rayford, that he was represented by counsel. Thereafter, counsel for Rayford actively conducted the defense, participating in the voir dire and conducting the evidentiary phase of the trial while Rayford sat by mute. It is true that, at the conclusion of the trial and before closing arguments, Rayford's attorney did inform the court that Rayford wanted to make a statement to the jury, and the court denied Rayford's request, restricting all communication to the jury on behalf of the defense to that initiated by Rayford's counsel. Again, though, Rayford neither objected to this denial nor mentioned the self-representation issue; neither did he move to address the jury or otherwise represent himself at this final stage of the proceedings. That does not change the final result.

4

Despite all that, Rayford still insists that he did nothing to indicate abandonment of his effort to represent himself. He characterizes his request to address the jury in closing argument as demonstrating his persistent effort to gain self-representation. Noting that a waiver must be clear, Rayford argues that his conduct should not be interpreted as a waiver of the right of self-representation.

Not surprisingly, respondent insists that Rayford's conduct subsequent to the court's pre-trial denial of counsel's motion to withdraw constituted a waiver of any purported pre-trial request by Rayford to represent himself. Respondent relies largely on the facts that Rayford did not re-assert the right to self-representation at any juncture and instead sat by in silence and allowed counsel to conduct the entire defense throughout the trial. This, insists respondent, constituted waiver or forfeiture through acquiescence, and we agree.

"[A]fter the defendant has unequivocally asserted the right to defend pro se, he may waive that right."[1]  "[T]he right [of self-representation] may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether."[2]  The court may find a waiver if it

---

[1] Johnson v. McCotter, 803 F.2d 830, 833 (5th Cir. 1986)(citation and internal quotations omitted).

[2] Brown v. Wainwright, 665 F.2d 607, 611 (5th Cir. 1982)(en banc)(citation omitted).

5

"reasonably appears...that defendant has abandoned his initial request to represent himself."[3]

Here, the district court concluded that Rayford waived the right to represent himself: He failed to re-assert that right following the trial court's denial of counsel's motion to withdraw, and without comment or protest he allowed counsel to proceed with active trial representation throughout that proceeding. The record fully supports the district court's findings in this regard. Even though at the very end of the trial Rayford did request permission to address the jury in closing argument, he never reiterated his desire to represent himself or complained that the trial court refused to let him do so. And even then, he sat in silence while counsel conducted closing argument.

In Brown,[4] we found that a defendant who had invoked the right to represent himself at his murder trial subsequently waived that right. Some two months prior to trial, Brown had informed counsel that he wanted to represent himself, after which counsel filed a motion to withdraw.[5] Brown also wrote letters to the court informing it that he wanted to proceed pro se.[6] After a hearing on the motion, the trial court deferred its ruling and asked counsel to try to work out his differences with Brown.[7] Counsel

---

[3] Id.

[4] Id.

[5] See id. at 609.

[6] See id.

[7] See id.

subsequently informed the trial court that he and Brown had resolved their differences and that Brown had changed his mind and wanted counsel to continue the representation.[8]  From that time until commencement of trial, Brown never indicated to counsel or the court that he wished to represent himself.[9]  Neither did he renew his request to represent himself at the beginning of the trial or any time during it, doing so only at the very end, just before closing arguments.[10]  Brown's trial court denied that last-minute request; and, on appeal, Brown conceded that he told counsel to continue the representation.[11]

We concluded in Brown that the defendant's conduct following his initial request to represent himself amounted to a waiver of that right.[12]  As support for our conclusion we relied on Brown's request for counsel to continue the representation and counsel's statement to the court that he and Brown had resolved their differences.[13]

Although the instant record is devoid of affirmative statements by Rayford that counsel should continue or that he and counsel had reconciled any differences, Rayford did inform the trial court that he would be satisfied to have counsel stay on and

---

[8] See id.

[9] See id. at 609-10.

[10] See id. at 610.

[11] See id.

[12] See id. at 611.

[13] See id.

7

advise him.  We acknowledge that, standing alone, this statement would be insufficient, but thereafter Rayford unquestionably acquiesced in counsel's continued representation:  He did not object or re-assert the right to represent himself after the trial court denied counsel's motion to withdraw; and, in Rayford's presence, counsel conducted the voir dire, examined the witnesses, and made objections, all without Rayford's interference or attempt to participate, much less voicing any objection or reiterating a request to represent himself.  His request to address the jury in closing argument can hardly be credited as a request to represent himself, much less a clear and unequivocal one — and Rayford failed to object when this request was denied.

We have explained that the right of self-representation is more easily waived than is the right to counsel; this is true even when the right to represent oneself has been asserted.[14]  Thus, our case law's stringent requirements for a finding of waiver of the constitutional right to counsel are not applicable in this situation.[15]  Therefore, even when we assume without deciding that Rayford clearly and unequivocally asserted the right to represent himself, and further assume without deciding that the actions of the state trial court amounted to denial of that request, we are nevertheless convinced that, at a minimum, Rayford clearly, consistently, and continuously acquiesced, treating his attorney not as stand-by or advisory counsel but as sole trial counsel —

---

[14] See id. at 610-11.

[15] See id. at 611.

8

even to the exclusion of Rayford himself —— from voir dire through closing argument. In so doing, Rayford waived any right to object to the purported denial of his right to represent himself.

The right to self-representation is susceptible of waiver by implication or acquiescence as well as by express declaration: A defendant, even one who has clearly and unequivocally asserted the right to represent himself and who has had the right denied, cannot thereafter remain silent while otherwise validly retained or appointed counsel actively conducts the defense throughout the entire jury trial, then be heard to claim entitlement to habeas relief for the denial of his constitutional right of self-representation. To mix metaphors, a defendant cannot lie behind the log, sleeping on his rights, while counsel defends him, and then cry "foul," after all of the dust has settled. In light of all that transpired without a hint of displeasure or objection, Rayford's request to address the jury cannot breathe life into his long-abandoned request to represent himself, particularly in light of his continued silence thereafter while his counsel conducted the defense's closing argument to the jury.

We hold that Rayford waived the right to represent himself. As such, we need not and therefore do not answer the questions whether he clearly and unequivocally asserted that right and, if so, whether the trial court denied him that right.

For the foregoing reasons, the judgment of the district court is, in all respects,

AFFIRMED.