IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10672
Summary Calendar
_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee

    v

RYAN KEITH FIELDS

        Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-127-1-C
--------------------
January 24, 2003

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ryan Keith Fields appeals his jury conviction for possession with intent to distribute more than 50 grams of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and being a convicted felon in possession of a firearm, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and 18 U.S.C. §§ 2, 922(g)(1) and 924(c).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fields argues that he was denied his right to self-representation. A defendant's desire to exercise the right to self-representation must be made knowingly and intelligently, and clearly and unequivocally. See Faretta v. California, 422 U.S. 806, 835 (1975); United States v. Martin, 790 F.2d 1215, 1218 (5th Cir. 1986). The right to self-representation extends to sentencing proceedings. United States v. Davis, 285 F.3d 378, 385 (5th Cir. 2002).

Fields filed a written motion prior to trial indicating that he wished to proceed with self-representation. At the hearing on his motion for self-representation, he requested a continuance premised on his admission that he was not prepared to represent himself at trial due to his lack of knowledge of the federal evidentiary rules and his unfamiliarity with the evidence in his case. The district court denied his motion for a continuance, and Fields appeals that denial, arguing that the result of the denial was unduly harsh. If the district court's denial of a continuance is neither arbitrary nor unreasonable, this court upholds the decision to deny the continuance, even when the decision is harsh. United States v. Hughey, 147 F.3d 423, 431 (5th Cir. 1998). Fields has not shown that the district court's refusal to grant the continuance was an abuse of discretion.

Once Fields learned that he would not be granted a continuance and he also learned that stand-by counsel would not be able to assume an active role in the trial, Fields expressed

concern about his ability to represent himself and his request to proceed with self-representation was no longer clear and unequivocal. Therefore, Fields did not clearly and unequivocally assert the right to self-representation, and the district court did not commit error when it denied his motion. See Brown v. Wainwright, 665 F.2d 607, 611 (5th Cir. 1982) (a defendant who asserts the right to self-representation may be deemed to have waived that right if he vacillates on the issue or abandons his request altogether).

Fields also filed a motion prior to his sentencing hearing in which he indicated that he wished to exercise the right to self-representation. However, after the district court denied his motion, Fields personally sought a continuance of the sentencing hearing so that his court-appointed attorney could be present. Once his court-appointed attorney returned, Fields permitted her, without objection, to represent him fully throughout the course of the proceeding. Thus, Fields' subsequent conduct indicates that he equivocated on his assertion of the right to self-representation, and the district court's denial of his motion is not reversible error. See Brown, 665 F.2d at 611.

Fields also argues that the district court abused its discretion when it denied his motion for a new trial based on newly discovered evidence that he contends supports his justification defense. Fields sought a new trial based on police

reports indicating that the person to whom Fields was purportedly bringing the drugs was arrested after the trial for possession of drugs and prior to the trial for a crime of violence. Motions for a new trial based on newly discovered evidence are disfavored and are only properly granted when a defendant shows, inter alia, that evidence would probably produce an acquittal at a new trial. United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996). Since a justification defense requires, inter alia, imminent fear of bodily harm, see United States v. Posada-Rios, 158 F.3d 832, 873-74 (5th Cir. 1998), and the police reports do not establish that Fields was in imminent fear of bodily harm, Fields has not shown that the newly discovered evidence would produce acquittal at a new trial. Therefore, the district court did not abuse its discretion when it denied Fields' motion for new trial. See Freeman, 77 F.3d at 817.

Fields also argues that the district court erred when it did not hold a hearing on his motion for a new trial. The district court may deny a motion for a new trial without holding an evidentiary hearing. See United States v. MMR Corp., 954 F.2d 1040, 1046 (5th Cir. 1992). Fields has not demonstrated that his situation was sufficiently unique to warrant an evidentiary hearing. See United States v. Hamilton, 559 F.2d 1370, 1373 (5th Cir. 1977) (listing situations). Thus, the district court's decision not to hold a hearing was not error.

Fields argues that the felon in possession of a firearm statute, 18 U.S.C. § 922(g)(1), is unconstitutional because it does not require a "substantial" effect on interstate commerce. His argument is foreclosed by United States v. Daugherty, 264 F.3d 513, 517 (5th Cir. 2001), cert. denied, 534 U.S. 1150 (2002).

Based on the foregoing, the judgment of conviction and sentence are AFFIRMED.