# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 07-50113
Summary Calendar

UNITED STATES OF AMERICA

  Plaintiff-Appellee

v.

KEITH DUANE ADAIR, also known as Keith Adair

  Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-47-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Keith Duane Adair appeals his conviction and sentence for possessing methamphetamine with the intent to distribute it. Adair argues that the district court violated his rights under the Sixth Amendment by refusing to allow him to represent himself at trial and that the court erred at sentencing by considering the testimony of a cooperating witness in determining the quantity of drugs on which it based Adair's sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Adair expressed dissatisfaction with his attorney, he did not clearly and unequivocally request to proceed pro se at trial. See Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982) (en banc). There was no violation of Adair's Sixth Amendment rights. See United States v. Davis, 269 F.3d 514, 518 n.5 (5th Cir. 2001).

For the first time on appeal, Adair argues that, in determining his base offense level, the sentencing court was prohibited from considering a cooperating witness's testimony concerning Adair's drug-trafficking activities because the court instructed the jury that the witness's testimony concerning extraneous criminal acts was relevant only as to Adair's motive, intent, and knowledge and not to his guilt or innocence. We find no error, plain or otherwise, in the sentencing court's consideration of the cooperating witness's trial testimony. U.S.S.G. § 1B1.3(a)(1). The determination of the quantity of drugs relevant to Adair's sentence is not clearly erroneous. See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005).

AFFIRMED.