

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00137-CR

TRAVIS WAYNE TEEHEE                                               APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1312351D

----------

## MEMORANDUM OPINION[1]

----------

In a single point, appellant contends that we should reverse his conviction because the trial court improperly refused to allow him to represent himself. We affirm.

The State indicted appellant for five counts of sexual offenses pertaining to the same child complainant: one count of continuous sexual abuse, two counts

---

[1]See Tex. R. App. P. 47.4.

of aggravated sexual assault, and two counts of indecency with a child. On March 10, 2014, appellant, in open court, rejected a plea-bargain offer of fifteen years' confinement. On March 17, 2014, appellant pled guilty to aggravated sexual assault pursuant to an open plea and requested the preparation of a presentence investigation report (PSI). The next day, the trial court heard testimony from two State's witnesses, the complainant and her mother, regarding the offense to which appellant pled guilty as well as the other offenses with which he had been charged.

On April 4, 2014, the trial court reconvened, and the following exchange occurred:

> THE COURT: On the 17th day of March of this year, you entered a plea of guilty to the offense of aggravated sexual assault of a child under 14 before this Court. After hearing that evidence, I found you guilty and we heard -- and we started a punishment hearing and testimony was taken from some witnesses in the punishment hearing. Is that not correct?
>
> [STATE'S COUNSEL]: That is correct, Your Honor.
>
> THE COURT: The defense asked for a PSI and I let y'all have a -- we started the process for a PSI, but it has now been discontinued; is that correct?
>
> [DEFENSE COUNSEL]: That is correct, Your Honor.
>
> THE COURT: Are both sides ready to proceed?
>
> [STATE'S COUNSEL]: We are, Your Honor.
>
> [DEFENSE COUNSEL]: Judge, before we do, [Appellant] would like to make an oral request regarding his plea.
>
> [APPELLANT]: I would like to withdraw my plea.

2

THE COURT: That's denied.

Have a seat.

[APPELLANT]: I would like to withdraw counsel. I don't want counsel. I don't want this counsel.

THE COURT: He is going to sit with you during this hearing. All right. If you want to do the questioning, you can do the questioning, but that's up to you. You don't have that education.

How far did you go in school?

[APPELLANT]: I made it through the 9th grade in school.

THE COURT: You have had no legal training; is that correct?

[APPELLANT]: I don't have any legal training. I think I prefer to go pro se, myself.

THE COURT: I don't feel that you're qualified. I think you would be making a mistake. [Defense counsel] will sit with you. Okay?

[APPELLANT]: Alls I can do is make the request.

When testimony was ready to begin, the trial court stated,

THE COURT: . . . .

And I think it would be better, Mr. Teehee -- don't you think it would be better for [defense counsel] to ask your mother questions because he's talked with her?

[APPELLANT]: Well, I don't -- I don't understand how it would really matter at this point. Like I said, I already requested to withdraw the plea and I requested substitute counsel, so I don't know what else really to do.

The Sixth Amendment of the United States Constitution guarantees the right to self-representation upon a defendant's voluntary and intelligent election.

3

*See* U.S. Const. amend. VI; *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533 (1975); *Hathorn v. State*, 848 S.W.2d 101, 122–23 (Tex. Crim. App. 1992), *cert. denied*, 509 U.S. 932 (1993). But this right is not absolute. *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161, 120 S. Ct. 684, 691 (2000). A defendant's right to self-representation is not invoked unless the request is timely—and clearly and unequivocally—asserted. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982); *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992).

A defendant may not manipulate his or her right to self-representation "so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987). "In the interest of minimizing disruptions and maintaining continuity at trial, most courts of appeals have established the rule that the fundamental right to conduct the case pro se must be claimed before the trial begins." *Chapman v. United States*, 553 F.2d 886, 893 (5th Cir. 1977); *see Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) ("[A]n accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel.").[2]

---

[2]Texas courts have interpreted this to mean generally that a request to proceed pro se is timely if brought before the jury is impaneled. *McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844 (1997); *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984). Here, however, appellant proceeded without a jury.

In *Gross v. State*, the Texarkana Court of Appeals held that a request for self-representation was not made timely when the appellant had been adjudicated guilty for six months, the punishment hearing was almost complete, and the trial court was getting ready to sentence him. No. 06-07-00056-CR, 2007 WL 2471502, at *1, *3 (Tex. App.—Texarkana Sept. 4, 2007, no pet.) (mem. op., not designated for publication); *see also Blackmon v. Rivard*, No. 2:11-CV-12823, 2012 WL 3568790, at *6–7 (E.D. Mich. Aug. 17, 2012) (holding that defendant's request to represent himself during sentencing hearing twenty months after pleading guilty pursuant to a plea bargain was untimely). Here, appellant waited until after he had pled guilty, requested the preparation of a PSI, and the State had put on all of its evidence relevant to punishment to say he did not want to be represented by his appointed attorney. We conclude and hold that the trial court did not err by denying appellant's request as untimely.

Moreover, it is unclear from the context of the hearing in its entirety whether appellant clearly and unequivocally requested to represent himself pro se or if he really wanted to be appointed different counsel.[3] The trial court's certificate of proceedings, signed by the trial judge, states, "defn request substitute counsel – denied." Appellant stated both that he did not want counsel and that he preferred "to go pro se" but also that he did not want "this" counsel

---

[3]"[A]n indigent defendant does not have a right to the counsel of his own choosing." *Whitney v. State*, 396 S.W.3d 696, 700 (Tex. App.—Fort Worth 2013, pet. ref'd) (mem. op.).

5

and that he had requested substitute counsel. This is similar to the situation in an unpublished Houston First District Court of Appeals opinion in which the appellate court determined that the trial court did not abuse its discretion by determining that the appellant had not clearly and unequivocally asserted the right to self-representation. *Richards v. State*, No. 01-88-00835-CR, 1990 WL 11976, at *2 (Tex. App.—Houston [1st Dist.] Feb. 15, 1990, pet. ref'd) (not designated for publication). We agree that the reasoning in that opinion is applicable to this case. Accordingly, we conclude and hold that appellant did not make a request indicating that he clearly and equivocally wished to represent himself. We overrule appellant's sole point.

Having overruled appellant's sole point on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DAUPHINOT, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 23, 2015

6