**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Vincent Missouri, Appellant.

Appellate Case No. 2014-001176

———————————

Appeal From Pickens County
James R. Barber, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-383
Submitted October 5, 2017 – Filed October 18, 2017

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia, for Respondent.

———————————

**PER CURIAM:** Vincent Missouri appeals his convictions of entering a bank with intent to steal, strong armed robbery, and failure to stop for a blue light. Missouri argues he was denied his Sixth Amendment right to proceed pro se. We affirm.

We find Missouri was initially denied the right to represent himself at a hearing five months prior to trial; however, Missouri abandoned or waived the right via his subsequent conduct on the day his trial began.

"A South Carolina criminal defendant has the constitutional right to represent himself under both the federal and state constitutions." *State v. Barnes*, 407 S.C. 27, 35, 753 S.E.2d 545, 550 (2014); *see* U.S. Const. amend. VI; S.C. Const. art. I, § 14. If a defendant makes the request prior to trial, the court must conduct an inquiry as mandated by *Faretta v. California*, 422 U.S. 806 (1975). *Barnes*, 407 S.C. at 35, 753 S.E.2d at 550. Only a clearly and unequivocally expressed request for self-representation will require the court to engage in the *Faretta* inquiry. *United States v. Lorick*, 753 F.2d 1295, 1298 (4th Cir. 1985); *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999). The requirement that the request "be clear and unequivocal . . . prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation." *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000). The court is placed in a difficult position when a defendant vacillates on the issue—being required to "'traverse . . . a thin line' between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." *Id.* (quoting *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995) (en banc)). "In ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation." *Id.*; *see United States v. Gillis*, 773 F.2d 549, 559 (4th Cir. 1985) ("Of the [rights to counsel and self-representation], the right to be represented by counsel is preeminent.").

"Even if [a] defendant requests to represent himself, however, the right may be waived through [the] defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether." *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982); *see Gillis*, 773 F.2d at 559 (noting the right to self-representation can be waived "by subsequent conduct giving the appearance of uncertainty"). The "constitutional primacy" given the right to counsel over the right to self-representation is equally applicable to the waiver of the right after assertion. *See Brown*, 665 F.2d at 611 ("Since the right of self-representation is waived more easily than the right to counsel at the outset, before assertion, it is reasonable to conclude it is more easily waived at a later point, after assertion."); *Gillis*, 773 F.2d

at 559 (indicating the right to self-representation is more easily waived than the right to counsel); *cf. Brewer v. Williams*, 430 U.S. 387, 404 (1977) (stating courts must indulge every reasonable presumption against waiver of *counsel*).

Here, five months prior to trial, the circuit court heard Missouri's motion to relieve counsel. Missouri clearly requested new counsel or, in the alternative, to proceed pro se. Rather than engaging in the *Faretta* inquiry, the court merely stated, "Pro se is not in the realm of possibility right now." We find this was a denial of Missouri's right to self-representation.

However, we find Missouri's subsequent conduct indicated he was abandoning his request or amounted to a waiver of his right to self-representation. During pretrial motions, the court gave Missouri the option to move for self-representation if Missouri was still interested in doing so—the court acknowledged it would have to ask Missouri "certain questions" if Missouri wanted to represent himself. Rather than making the motion—to indicate he was still interested— Missouri questioned the court's decision. Additionally, Missouri requested to go back over the pretrial motions of his attorney and make additional motions *if* he were allowed to represent himself. The court indicated that it would not change its decision regarding the previous motions, and Missouri never moved for self-representation. The court repeatedly ensured Missouri he only need to move for self-representation in order to invoke the right and Missouri chose to equivocate rather than commit to his own representation. Therefore, we find Missouri abandoned his previous request for self-representation. At the very least, Missouri's conduct before the court created an ambiguous situation giving the appearance of uncertainty, and considering the "constitutional primacy" given to the right to counsel, the circuit court did not err in retaining Missouri's counsel.

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.