NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY EUGENE ESTEP, Petitioner-Appellant, v. KEITH YORDY, Warden, Respondent-Appellee. | No. 18-35196 D.C. No. 1:15-cv-00530-CWD MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted November 8, 2019
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,[**] District Judge.

Timothy Estep ("Estep") appeals the district court's denial of his petition for

writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

We granted a certificate of appealability as to whether the state trial court

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

violated Appellant's constitutional rights when it denied his request for self-representation under *Faretta v. California*, 422 U.S. 806 (1975). Under the Antiterrorism and Effective Death Penalty Act, "'relief may be granted only if the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or if the state court decision rests on 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Tamplin v. Muniz*, 894 F.3d 1076, 1082 (9th Cir. 2018) (quoting 28 U.S.C. § 2254(d)(1), (2)). We review the "last reasoned state court opinion," here, the decision of the Idaho Court of Appeals. *Id.*

At a hearing in state court on June 9, 2011, Appellant made what appeared to be a request for self-representation. Rather than proceed with a *Faretta* colloquy, the Court was concerned about Appellant's ability to represent himself and ordered a competency evaluation.

The Court's concern with Appellant's competence to represent himself continued until a hearing on November 26, 2012, when Appellant's counsel informed the Court, in Appellant's presence, that Appellant did not want to proceed pro se. On the morning of trial two weeks later, Appellant requested that he be tried in absentia, stating "I'll trust [counsel's] abilities to defend me."

Appellant appealed his conviction to the Idaho Court of Appeals, arguing that

the trial court denied him his constitutional right to self-representation. In denying his appeal, the appellate court found that Appellant's initial request to proceed pro se was equivocal, and alternatively that prior to trial he waived and abandoned his request to proceed pro se. Appellant then appealed to the Idaho Supreme Court, which denied his petition for review in a summary order. On habeas review in federal court, the district court held that the Idaho Court of Appeals reached an objectively reasonable decision on the self-representation issue.

Appellant challenges the state court's finding that the June 9, 2011 self-representation request was equivocal. Appellant also contests the state court's determination that he subsequently waived or abandoned his *Faretta* right and the finding that he was not competent to represent himself. Regardless of whether the June 9, 2011 request was equivocal, Appellant waived that request during the November 26, 2012 hearing. At that hearing, Appellant's attorney informed the trial court that Appellant did not want to proceed pro se, but instead wanted another attorney. The appellate court determined that Appellant's failure to refute the statement withdrew his pending request to proceed pro se and waived any previous requests made up to that point.[1]

---

[1] The court further held that Appellant abandoned his subsequent request to proceed pro se by failing to pursue it when the trial court addressed pretrial matters and instead endorsed his attorney's ability to adequately represent him in his absence.

The Idaho court did not make an unreasonable determination of the facts regarding Appellant's waiver of his *Faretta* request. "[O]nce a defendant has stated his request clearly and unequivocally and the judge has denied it in a[n] equally clear and unequivocal fashion, the defendant is under no obligation to renew the motion." *United States v. Arlt*, 41 F.3d 516, 523 (9th Cir. 1994) (citing *Brown v. Wainwright*, 665 F.2d 607, 612 (5th Cir. 1982)). However, when a request to proceed pro se has not been clearly and conclusively denied and the question of self-representation is left open for possible further consideration, the right may be waived through subsequent conduct. *Brown*, 665 F.2d at 611. Accordingly, since a *Faretta* request can be subsequently waived, and since Appellant's conduct indicated he had abandoned his request to proceed pro se, the Idaho court did not violate clearly established federal law.

**AFFIRMED.**