**Opinion filed February 22, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00134-CR

_____

### MIKE GOMEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 29585-A**

### O P I N I O N

Appellant, Mike Gomez, refused the assistance of court-appointed trial counsel. On appeal, he contends that the trial court erred by "allowing" him to represent himself.

Following a bench trial, the trial court found Appellant guilty of robbery, a second-degree felony offense, and sentenced him to seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* TEX. PENAL

CODE ANN. § 29.02 (West 2019). During pretrial hearings, Appellant refused the assistance of court-appointed counsel and informed the trial court he preferred to appear pro se. In a single issue on appeal, Appellant claims that the trial court erred in allowing Appellant to represent himself because he did not knowingly and intelligently waive his right to counsel. We modify and affirm.

*Factual and Procedural History*

Charged by indictment with the crime of robbery, Appellant refused assistance from his court-appointed attorney during a pretrial hearing on November 5, 2021, and stated that he wanted to represent himself. The trial court asked Appellant questions about his age, occupation, formal education, and prior experience with self-representation. The trial court then advised Appellant, in a series of admonishments, of the disadvantages of self-representation, that Appellant would be held to the same standards as an attorney, and of the potential for unfairness in the process because Appellant had little to no knowledge of jury selection, creating a jury charge, the admissibility of evidence, or proper objections thereto. Appellant answered each of the trial court's questions. He agreed that self-representation would be difficult, that he would be at a disadvantage, and that the process could be unfair because of his lack of knowledge of the litigation process. Appellant also acknowledged that he did not know anything about the jury selection process or the rules pertaining to objections and admissibility of evidence, but he told the trial court that he did not "think that [was] necessary."

During the November pretrial hearing, Appellant's court-appointed attorney described her first interaction with Appellant wherein he refused to answer her questions. She told the trial court that she spoke with Appellant's family, and that they indicated that Appellant "was not mentally ill," but was likely "just being

2

contrary."[1]   During this hearing, Appellant repeatedly affirmed his desire to represent himself.  When asked why Appellant did not want to work with his court-appointed attorney, Appellant told the trial court that she "came off in the wrong way."  Appellant emphasized that he just wanted to get "this out of the way" and taken care of that day on his own.  Appellant signed a waiver of his right to counsel at this hearing.

There were two additional pretrial hearings, one on December 16, 2021, and another on March 14, 2022.  During the December hearing, Appellant reiterated his desire to represent himself, and he also waived his right to a jury trial.  At the November pretrial hearing, Appellant impliedly justified his self-representation by stating that there was no evidence or eyewitnesses to support the case against him.  Despite this, at the March pretrial hearing—two days before Appellant's bench trial—the attorney for the State informed the trial court that Appellant had declined the opportunity to look at the discovery in his case prior to trial.  After the State notified the trial court, the trial court asked, "[Appellant], you don't want to review the evidence that's going to be used against you?"  [Appellant] responded, "No, sir."

The bench trial was held on March 16, 2022.  Appellant's court-appointed counsel was available to Appellant during trial to answer questions, and provided Appellant with a copy of the indictment, as well as counsel's discovery review letter and redacted discovery for review during the trial.  Appellant indicated that he understood that he could ask court-appointed counsel questions during the course of the trial.  The State presented five witnesses.  Appellant did not raise any objections to their testimony, cross-examine them, or present any evidence.  Nor did he make an opening or closing statement.

---

[1]On appeal, Appellant concedes that he was competent.

Ultimately, the trial court found Appellant guilty of the offense of robbery, sentenced him to seven years' imprisonment, and waived Appellant's court costs. Appellant timely filed a notice of appeal, and an attorney was appointed to represent him on appeal.

*Constitutional Right to Self-Representation*

Every criminal defendant has a constitutional right to the assistance of counsel and a constitutional right to self-representation. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The right to self-representation is separate from the right to assistance of counsel, and to choose one is to forego the other. *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022) (citing *U.S. v. Purnett*, 910 F.2d 51, 54 (2d Cir. 1990)). The right to self-representation does not attach until asserted. *Id.* (citing *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982)). "Assertion of the right to self-representation must be clear and unequivocal[,]" and the waiver for a defendant's right to counsel must be made knowingly and intelligently. *Id.* (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). The record must demonstrate that the trial court thoroughly admonished the defendant, and the trial court must warn the defendant of the "dangers and disadvantages" of self-representation to establish that he understands his choice. *Id.* at 756–57; *see* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2023) (If a defendant wishes to waive the right to counsel for purposes of proceeding to trial, the trial court shall advise the defendant of the nature of the charges and the dangers and disadvantages of self-representation.); *see also e.g.*, *Faretta*, 422 U.S. at 836 (it was sufficient to warn Appellant that it was a mistake not to accept the assistance of counsel and that he would be required to follow all the rules of trial procedure); *Barski v. State*, No. 11-13-00217-CR, 2015 WL 5192320, at *3 (Tex. App.—Eastland Aug. 21, 2015, pet. ref'd) (Appellant knowingly and intelligently waived his right to counsel

after he was warned of the dangers and disadvantages of such choice.). But an invalid waiver waives nothing, and whether the waiver of counsel was effective depends on the totality of the circumstances. *Osorio-Lopez*, 663 S.W.3d at 756.

To properly admonish a defendant as to the "dangers and disadvantages" of self-representation, the trial court must inform the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his *pro se* rights." *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)). The admonishments required depend upon the circumstances, including a defendant's sophistication and education, as well as the complexity of the proceeding or charge. *Huggins v. State*, 674 S.W.3d 538, 541 (Tex. Crim. App. 2023) (citing *Iowa v. Tovar*, 541 U.S. 77, 88 (2004)). A trial court, however, has no obligation to follow a specific line of questioning or "script" to ensure that a defendant who has asserted his right to self-representation is doing so "with eyes open." *Osorio-Lopez*, 663 S.W.3d at 757 (citing *Burgess v. State*, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991)); *see Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984). The focus of the trial court's admonishments is not whether the defendant is equipped to represent himself at trial, but on whether the defendant understands his choice to proceed pro se. *Osorio-Lopez*, 663 S.W.3d at 757 (citing *Godinez v. Moran*, 509 U.S. 389, 400–01 (1993)). Further, if the trial court determines that a waiver of the right to counsel is voluntarily and intelligently made, the trial court shall provide the defendant with a written statement to sign. *See* CRIM. PROC. art. 1.051(g); *Osorio-Lopez*, 663 S.W.3d at 757.

Courts indulge every reasonable presumption against waiver and do not presume acquiescence in the loss of fundamental rights. *Osorio-Lopez*, 663 S.W.3d at 756; *Williams*, 252 S.W.3d at 356. The trial court is responsible for determining

whether a defendant's waiver is knowing, intelligent, and voluntary. *Williams*, 252 S.W.3d at 356. As we have said, to assess whether a waiver is effective, courts consider the totality of the circumstances. This means that courts must examine the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. *Id. Faretta* requires that if (1) the accused clearly and unequivocally declares to the trial court that he wants to represent himself and does not want counsel, (2) the record affirmatively demonstrates that the accused is literate and has a sufficient understanding of proceeding pro se and that he is voluntarily exercising his informed free will, and (3) the trial court adequately warns the accused of its opinion that it is a mistake not to accept the assistance of counsel and that the accused will be required to follow all ground rules of trial procedure, then the accused's right to self-representation cannot be denied. *Dolph v. State*, 440 S.W.3d 898, 902 (Tex. App.—Texarkana 2013, pet. ref'd) (citing *Faretta*, 422 U.S. at 835–36); *Barski*, 2015 WL 5192320, at *2.

*Analysis*

We examine the admonishments made by the trial court, and we consider the totality of the circumstances to assess whether Appellant's waiver was effective. *See Osorio-Lopez*, 663 S.W.3d at 757 (citing *Godinez*, 509 U.S. at 400–01); *Williams*, 252 S.W.3d at 356. The record reveals that Appellant was twenty-five years old at the time of the first pretrial hearing. Appellant shared that he has a high school education and primarily has worked in masonry and landscaping. Appellant was charged with robbery and prior to trial, the trial court read the indictment to him— to which Appellant responded that he understood the charges against him.

The trial court first admonished Appellant of the dangers and disadvantages of self-representation at the pretrial hearing on November 5, 2021. The trial court told Appellant that self-representation was "difficult" and that he would be at a

disadvantage. The trial court further admonished Appellant that he would be held to the same standards with respect to evidence, objections, and the jury charge. The trial court cautioned Appellant that the State may be able to take advantage of Appellant because of his lack of knowledge of objections and Appellant acknowledged that that would be unfair. Finally, the trial court told Appellant that every person of whom he was aware, who previously had chosen to proceed pro se, ultimately regretted the decision. Despite these warnings, Appellant indicated that he understood the circumstances and that he did not want to work with court-appointed counsel and wished to represent himself.

The trial court additionally informed Appellant that he could later withdraw his request for self-representation and explained how the case would move forward to jury selection and trial—cautioning against the disadvantages that Appellant would face during each stage. The trial court informed Appellant that he was facing a punishment range between two and twenty years of imprisonment. Appellant indicated that he understood and repeatedly elected to proceed with self-representation. Although Appellant refused to review discovery prior to trial, court-appointed counsel provided Appellant with documents relevant to the charges against him at the time of trial. Appellant chose to ask no questions during cross-examination, make no objections, present no witnesses, and he declined to argue on his own behalf during opening or closing statements. All of the evidence indicates that the trial court thoroughly and repeatedly admonished Appellant regarding the challenges and the disadvantages of self-representation. The evidence further supports that Appellant understood such admonishments but chose to proceed pro se in spite of the warnings from the trial court.

Appellant's argument on appeal focuses on his alleged lack of understanding of the disadvantages of self-representation, and on not being "firmly committed" to

self-representation.[2]  The record belies both assertions.  First, the trial court not only painstakingly warned Appellant of the dangers and disadvantages at the November pretrial hearing, but the trial court reiterated those dangers and disadvantages at the December pretrial hearing *and* again immediately before trial began.  If Appellant did not understand the extent of the disadvantages—or the risk of imprisonment—he had every opportunity to express that and to ask questions of court-appointed counsel and the trial court.  He chose not to do so.  Instead, he affirmed that he understood and still wished to represent himself.

Second, although Appellant's initial request to proceed pro se appeared to be based on Appellant's perception that his court-appointed attorney was not working on his behalf, he also told the trial court that he just did not *want* counsel's assistance. Despite Appellant saying that he would hire his own attorney—and indicating that he would like a different lawyer the next time he was back in court—Appellant made clear his choice to represent himself at least five times in the first pretrial hearing and repeated the same request at the December pretrial hearing.  Additionally, at trial, after reading the indictment and asking Appellant if he understood the charges, the trial court *again* asked Appellant if he wanted to proceed pro se and Appellant affirmed that he did.  Indulging every reasonable presumption against waiver and considering the totality of the circumstances, we conclude that the evidence strongly

---

[2]Appellant argues that he did not understand the disadvantages of self-representation, that he was not firmly committed to self-representation, and, alternatively, that he lacked the ability to effectively represent himself.  On Appellant's third argument, we note that, for the effective waiver of counsel and assertion of the right of self-representation, "a defendant need not have the skill and experience of a lawyer 'to competently and intelligently choose self-representation,'" and "[t]he focus is on whether the defendant [understands the choice] to proceed *pro se*, not whether he is equipped to represent himself at trial."  *See Osorio-Lopez*, 663 S.W.3d at 757; *see also Faretta*, 422 U.S. at 835–36; *Cole v. State*, 590 S.W.3d 1, 3 (Tex. App.—Beaumont 2019, no pet.) ("[T]he trial court *may not* require the defendant to be represented at trial by counsel merely because the court believes the defendant does not have the legal training needed to conduct his defense." (emphasis in original)).

supports that Appellant was "firmly committed" to self-representation, Appellant expressed a clear desire to exercise this right, the trial court properly and thoroughly admonished him, and Appellant's waiver of the right to counsel was knowingly and voluntarily made. *See Dolph*, 440 S.W.3d at 902–04; *Barski*, 2015 WL 5192320, at *4. Accordingly, Appellant's sole issue on appeal is overruled.

We note, however, that the judgment contains nonreversible errors. An appellate court has the power to modify the trial court's judgment to make the judgment speak the truth when it has the necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We note that the judgment incorrectly reflects that Appellant pleaded guilty to robbery. Because the record confirms that Appellant pleaded "not guilty" to robbery, we modify the judgment of the trial court to reflect that Appellant pleaded "Not Guilty." Second, the judgment lists Appellant's attorney of record as Leigh W. Davis; however, the record is clear that Appellant proceeded pro se. We modify the judgment to read "Pro Se" instead of "Leigh W. Davis" for the "Attorney for Defendant." Third, the judgment incorrectly reflects that Appellant entered an open plea. Appellant proceeded with a bench trial, thus, there was no plea bargain between the parties to be incorporated into the judgment. We modify this section to read "N/A" instead of "OPEN PLEA" and remove the marker indicating the "Terms of the Plea Bargain are attached and incorporated" in the judgment. Finally, during the punishment hearing, the trial court waived the court costs for Appellant. *See* CRIM. PROC. art. 43.091(c)(1). We therefore modify the judgment of the trial court to reflect court costs as "$0.00."

*This Court's Ruling*

As modified, we affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


February 22, 2024

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.